# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN THOMPSON, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>                              Plaintiff,<br>   vs.<br><br>HOME DEPOT, INC. a Delaware Corporation, and DOES 1-100, inclusive<br><br>                              Defendants. | CASE NO. 07cv1058 IEG (WMc)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNTS TWO AND THREE OF THE COMPLAINT**<br><br>[Doc. Nos. 6, 7, 8.] |

Presently before the Court is defendant's motion to dismiss the second and third causes of action in plaintiff's complaint. For the following reasons, the Court GRANTS the motion.

## BACKGROUND

**A.     Factual Background**

John Thompson ("Plaintiff") alleges that on March 30, 2007, Home Depot Inc. ("Defendant") "requested and required [that he] fill out a Home Depot, Inc. preprinted form and provide personal identification as a condition to performing a credit card transaction at Home Depot, Inc.'s retail store." (Pl. Compl. (06/08/2007) at ¶ 4.) The form in question is labeled "REFUND" and contains a space for the cardholder's name, telephone number, and signature. (Id., Exh. 2.)

**B.     Procedural Background**

On April 24, 2007, Plaintiff filed his complaint in San Diego Superior Court, alleging, on

1  behalf of himself and others similarly situated in California, that Defendant had committed
2  violations of (1) the Song-Beverly Credit Card Act, Cal. Civ. Code § 1747.08; (2) California's
3  Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*; and (3) the Consumers
4  Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*  (Id. at ¶ 23-36.) Plaintiff seeks
5  statutory penalties, an injunction prohibiting Defendant from using a credit card form with a
6  preprinted space for the cardholder's telephone number, an order declaring that practice to be an
7  unlawful business practice and ordering Defendant to restore personal information back to the
8  Plaintiff and other class members, and costs of suit.  (Id. at 9.)
9       On June 6, 2007, Defendant removed the case to this Court.  (Doc. No. 1.)  Subsequently,
10  Defendant filed a motion to dismiss the second and third causes of action in Plaintiff's complaint,
11  namely the actions based on alleged violations of the UCL and the CLRA respectively.  (Doc. No.
12  6.)  Plaintiff filed an opposition (Doc. No. 7) and Defendant filed a reply.  (Doc. No. 8.)  The
13  matter is now fully briefed, and the Court finds it appropriate for disposition without oral argument
14  pursuant to Civil Local Rule 7.1(d)(1).

**DISCUSSION**

16  **A.  Legal Standard**

17       A motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) tests the legal sufficiency of the
18  claims asserted in the complaint.  Fed. R. Civ. Proc. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731
19  (9th Cir. 2001).  To survive a Rule 12(b)(6) motion, a complaint generally must satisfy only the
20  minimal notice pleading requirements of Fed. R. Civ. Pro. 8(a)(2).[1]  Porter v. Jones, 319 F.3d 483,
21  494 (9th Cir. 2003).  A court may dismiss a complaint for failure to state a claim when "it appears
22  beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle
23  him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Navarro, 250 F.3d at 732 (citing
24  Conley); see also Haddock v. Board of Dental Examiners, 777 F.2d 462, 464 (9th Cir.1985) (a
25  court should not dismiss a complaint if it states a claim under any legal theory, even if plaintiff
26  erroneously relies on a different theory).  In other words, a Rule 12(b)(6) dismissal is proper only

---

28      [1]Rule 8(a)(2) requires only that the complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).

In deciding a motion to dismiss for failure to state a claim, the court's review is limited to the contents of the complaint. Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996); Allarcom Pay Television, Ltd. v. General Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party.[2] Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996); Mier v. Owens, 57 F.3d 747, 750 (9th Cir.1995) (citing Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987). In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). Furthermore, a court is not required to credit conclusory legal allegations cast in the form of factual allegations, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981).

A court may dismiss a complaint without granting leave to amend only if it appears with certainty that the plaintiff cannot state a claim and any amendment would be futile. See Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires"); DeSoto v. Yellow Freight Systems, Inc., 957 F.2d 655, 658 (9th Cir.1992); Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir. 1988); Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) ("leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency").

//
//

---

[2] Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. Wheeldin v. Wheeler, 373 U.S. 647, 648, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963) (inferring fact from allegations of complaint).

**B.     Analysis**

        1.     Plaintiff's Unfair Competition Law ("UCL") Claim

Plaintiff's second cause of action alleges Defendant is civilly liable under the UCL.[3] According to Plaintiff, Defendant "unfairly competes by engaging in [the illegal acquisition and collection of consumer information] and thereby received an unfair competitive advantage over competitors . . . ."  (Compl. ¶ 30.)

Under the UCL, the only persons authorized to bring claims are those who have "suffered injury in fact and *lost money or property* as a result of [] unfair competition."  Cal. Bus. & Prof. Code § 17204 (emphasis added); Consumer Advocacy Group, Inc. v. Kintetsu Enterprises of America, 150 Cal.App.4th 953, 802 (2007).  Defendant argues Plaintiff has failed to state a claim upon which relief can be granted under the UCL because he has not alleged that filling out the refund form caused him any damage.  (Def. Memorandum In Support of Motion to Dismiss ("Memo. ISO Motion") at 1.)  Plaintiff disagrees, arguing it is sufficient for the complaint to allege he was an actual victim of the Defendant's business practice and noting that the California Court of Appeals in Florez v. Linens 'N Things, 108 Cal.App.4th 447 (2003), has expressly approved the legally sufficiency of a UCL claim under similar circumstances.  (Pl. Opp. at 1.)

The Court agrees with Defendant—Plaintiff has not stated a claim under the UCL.  While Plaintiff's alleges he was required to fill out a form which prompted him to provide personal identification, he does not allege filling out the form caused him to lose any money or property—as required to make out a claim under the UCL.  Similarly, while Plaintiff's complaint alleges Defendant uses the personal information acquired on these forms for marketing purposes (Compl. ¶ 13), he does not allege that he actually received any marketing solicitations as a result of completing the form nor does he allege such solicitations would or could cause him monetary injury.  The complaint merely makes the conclusory claim that "Home Depot's conduct caused and continues to cause substantial injury" (Compl. ¶ 30), but does not specify the form or quality

---

[3]While Plaintiff's complaint fails to explicitly label the UCL claim as the second cause of action, the complaint discusses this claim after what it labels as the first cause of action (a violation of the Song Beverly Credit Card Act) and before what it labels as the third cause of action (violations of the CLRA).

- 4 -

1 of the injury. The Court is not required to credit the Plaintiff's conclusory legal allegations. <u>See</u>
2 <u>Warren v. Fox Family Worldwide, Inc.</u>, 328 F.3d 1136, 1139 (9th Cir. 2003) ("[A court does] not
3 ... necessarily assume the truth of legal conclusions merely because they are cast in the form of
4 factual allegations.") (internal citations and quotation marks omitted). Plaintiff's related
5 argument—which he urges without citation to supporting authority—that his personal information
6 constitutes property under the UCL, is similarly unpersuasive and also rejected. <u>Cf.</u> <u>In re Jetblue</u>
7 <u>Airways Corp. Privacy Litigation</u>, 379 F.Supp. 299, 327 (E.D.N.Y. 2005) ("There is . . . no
8 support for the proposition that an individual passenger's personal information has or had any
9 compensable value in the economy at large."); <u>Dwyer v. American Express Co.</u>, 652 N.E.2d 1351,
10 1356 (Ill. App. Ct. 1995) (sale of cardholder names to various merchants did not state a claim for
11 tortious appropriation because cardholder's name has little or no intrinsic value apart from its
12 inclusion on a categorized list).

13       Finally, Plaintiff's reliance on the Court of Appeal's decision in <u>Florez</u> is misplaced. In
14 <u>Florez</u>, the Court of Appeal concluded that a store's practice of prompting a customer for her
15 telephone number during a purchase violated the Song Beverly Credit Card Act, which in turn
16 supported a viable claim under the UCL. <u>Florez</u>, 108 Cal.App.4th at 454. But as Defendant points
17 out, <u>Florez</u> was decided more than a year before amendments to the UCL added a requirement that
18 a plaintiff personally suffer an injury in order to plead a cause of action under the UCL. <u>See</u>
19 <u>Californians for Disability Rights v. Mervyn's, LLC</u>, 39 Cal.App.4th 223, 227 (2006) (explaining
20 that while California's UCL previously authorized any person acting for the general public to sue
21 for relief, the current law—as amended on November 2, 2004 by proposition 64—gives a private
22 person standing to sue only if he or she has suffered injury in fact and has lost money or property
23 as a result of the violation). This key development makes <u>Florez</u> distinguishable from the current
24 case and inapposite to the argument raised by Plaintiff.

25       2.    Plaintiff's Consumer Legal Remedies Act ("CLRA") Claim

26       Plaintiff's third cause of action alleges that Defendant violated the CLRA. According to
27 Plaintiff, Defendant's conduct is proscribed by § 1770(14) of the CLRA, which prohibits
28 "[r]epresenting that a transaction confers or involves rights, remedies, or obligations which it does

not have or involve, or which are prohibited by law." Cal. Civ. Code § 1770(14). Specifically, Plaintiff contends Defendant's "acts and practices constitute representations that the credit card transactions in question confer rights, remedies, or obligations which they do not have, or which are prohibited by law." (Compl. ¶ 34.)

The CLRA permits consumers "who suffer[] any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by [the CLRA]" to bring an action against that person and obtain actual damages or an order enjoining the methods, acts, or practices. See Cal. Civ. Code § 1780(a). As with the UCL claim, Defendant argues Plaintiff has failed to state a claim upon under the CLRA because he has not alleged that filling out the refund form caused him any damage as required by the statutory language. The Court agrees. Again, as with the UCL claim, Plaintiff's opposition fails to direct the Court to a single portion of the complaint which explains what specific injury occurred due to the alleged violation of the CLRA. The Court's own review of the complaint reveals only a bare allegation that Plaintiff and class members "have been irreparably harmed." (Compl. ¶ 36) As discussed above, this bare legal conclusion is insufficient.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the second and third causes of action in Plaintiff's complaint. The Court **GRANTS** Plaintiff leave to amend the complaint. Plaintiff may file an amended complaint addressing the deficiencies set forth above, no later than 14 days from the date this order is filed.

**IT IS SO ORDERED.**

**DATED: September 18, 2007**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**